RAWLS, Acting Chief Judge.
Appellants-plaintiffs Jagodniks (hereafter referred to as plaintiffs) filed their complaint against Renault, Inc., and Renault Southeast, Inc., seeking damages for breach of implied warranty, also termed as “advertised warranty”, allegedly sustained by them resulting from their purchase of a new Renault automobile. Pursuant to a jury verdict, a final judgment was entered in favor of plaintiffs against defendant Renault, Inc., in the sum of $2,850.00. At the close of all the evidence, the trial court entered a directed verdict as to Renault Southeast, Inc., upon plaintiffs’ Count IV which sought treble damages together with costs and attorney’s fees pursuant to the provisions of Florida Statutes 320.696 and 320.697 (1971);[1] hence this appeal by plaintiffs.
The dispositive point on appeal, as stated by plaintiffs, is: Whether consumers can recover civil damages against an automobile distributor for failure to reasonably compensate its dealers for warranty repair work under implied or advertised warranties.
Plaintiffs purchased a new Renault automobile on August 7, 1972, from a Maryland dealer. Subsequently, they experienced difficulties with the automobile, and *213 on February 23, 1973, plaintiffs took their Renault to Ed Baker Imports, an authorized Renault dealer in Jacksonville, Florida, franchised by Renault Southeast, Inc., to have same repaired. Ed Baker Imports refused to repair the automobile pursuant to plaintiffs’ claims for breach of implied or advertised warranty.
Upon conclusion of all the evidence the trial court, in granting Renault Southeast’s motion for directed verdict as to the point here considered, stated:
“But when I read .696, ‘The licensee shall reasonably compensate’ — the licensee being the defendant — ‘any authorized motor vehicle dealer’ — Ed Baker — ‘who performs work to rectify the licensee’s product’ — there’s no evidence that the licensee has not been compensated or that the motor vehicle dealer has not been compensated for any work to rectify the licensee’s product.
“And then the statute reads, ‘or warranty defects.’
“ ‘The licensee shall reasonably compensate any authorized motor vehicle dealer who performs the work to rectify the licensee’s warranty defects.’ I interpret that to mean written warranty. Strictly construing the statute. I cannot conclude from the evidence that these plaintiffs have a right to bring an action when I have no evidence that the licensee failed to compensate the motor vehicle dealer. I am going to grant the motion as to the Fourth Count.”
The trial court’s interpretation of the statutes is correct. An “implied” or “advertised” warranty is a judicially inspired theory of contractual liability.[2] Whether or not such liability is to be imposed upon a given set of factual circumstances usually involves extensive investigation and the evaluation of same by one possessed of competent legal ability. To engraft such a duty upon motor vehicle dealers in construing the legislative use of “warranty responsibility” would in our opinion violate legislative intent.
Plaintiffs challenge the trial court’s order dismissing that portion of their complaint seeking recovery of damages pursuant to the cited statutes for Renault Southeast’s failure to compensate its authorized out-of-state dealers for repair work accomplished on the subject Renault automobile. The trial court’s order granting Renault Southeast’s motion to dismiss concerning the non-compensation of non-Florida dealerships for repair work performed on the subject automobile because of lack of jurisdiction of the subject matter was correct.
Renault Southeast construes the provisions of the cited statutes to apply solely to the relationship of a motor vehicle dealer with its licensees and to the exclusion of consumers. It is not necessary to resolve this question in view of our conclusion that the trial court was correct in its interpretation that Florida Statute 320.696 (1971) applies solely to written warranties.
AFFIRMED.
McCORD and SMITH, JJ., concur.

. “320.696 Warranty responsibility. — The licensee shall reasonably compensate any authorized motor vehicle dealer who performs work to rectify the licensee’s product or warranty defects or fullfills delivery and preparation obligations. In the determination of what constitutes reasonable compensation under this section, the factors to be given consideration shall include, among others, the compensation being paid by other licensees to their dealers, the prevailing wage rate being paid by the dealers, and the prevailing labor rate being charged by the dealers, in the city or community in which the dealer is doing business.” “320.697 Civil damages. — Any person suffering pecuniary loss because of a violation by a licensee of §§ 320.60-320.70, notwithstanding the existence of any other remedies under §§ 320.60-320.70, shall have a cause of action against the licensee for damages, and may recover damages therefor in any court of competent jurisdiction in an amount equal to three times the pecuniary loss, together with costs and a reasonable attorney’s fee to be assessed by the court. Upon a prima facie showing by the motor vehicle dealer that such a violation by the licensee occurred, the burden of proof shall then be upon the licensee to prove that such violation or unfair practice did not occur.”

. Ford Motor Company v. Pittman, 227 So.2d 246 (1 Fla.App.1969).